# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 5-4533

USA, et al.

vs.

$8,221,877.16, et al.

United States of America, Appellant

(New Jersey District Civil No. 00-cv-02667)

O R D E R

In accordance with the agreement of the parties in the above entitled case, it is entered dismissed by the Clerk under the authority conferred upon her by Rule 42(b), Federal Rules of Appellate Procedure without cost to either party.



Clerk
United States Court of Appeals
for the Third Circuit

Date: July 12, 2006   Marcia M. Waldron, Clerk

cc:
    Peter W. Gaeta, Esq.
    Paul J. Fishman, Esq.
    Emily A. Stubbs, Esq.
    Barry R. Fischer, Esq.



EXHIBIT N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>FOR AND ON BEHALF OF THE<br>FEDERAL REPUBLIC OF BRAZIL<br><br>APPLICANT,<br><br>ANTONIO PIRES DE ALMEIDA,<br>REGINA RURIKO INOUE AND<br>ROSELI CIOLFI AS BENEFICIAL<br>OWNERS OF $8,216,814.00 AND<br>ACCRUED INTEREST IN UNITED<br>STATES CURRENCY REPRESENTING:<br><br>$6,871,042.36 (AND ACCRUED<br>INTEREST) FORMERLY CONTAINED<br>IN ACCOUNT NUMBER 030101107<br>AND KNOWN AS THE VENUS<br>ACCOUNT, HELD IN THE NAME OF<br>OR FOR THE BENEFIT OF KESTEN<br>DEVELOPMENT CORP. AT<br>MTB BANK;<br><br>and<br><br>$1,345,771.64 (AND ACCRUED<br>INTERET) FORMERLY CONTAINED<br>IN ACCOUNT NUMBER 12108<br>AND KNOWN AS THE TADELAND<br>ACCOUNT, HELD AT FOREX<br>ASSOCIATES, WHICH MAINTAINED<br>AN ACCOUNT AT EAB BANK;<br><br>RESPONDENT | Misc. No. 1:05-mc-00040 (RCL) |

## UNITED STATES' MOTION TO VACATE RESTRAINING ORDER

The United States of America, by and through undersigned counsel, hereby submits this Motion to Vacate the Court's January 26, 2005 restraining order. The Court of Appeals for the District of Columbia Circuit held on July 16, 2010 that there is no

**EXHIBIT O**

legal authority in Section 2467 of Title 28 to issue an order, based upon a foreign affidavit, to restrain U.S.-based assets for foreign forfeiture efforts prior to the entry of a final forfeiture order in that foreign country. *See, In r e Any and all funds or other assets in Brown Brothers Harriman & Co. Account No. 8870792 in the name of Tiger Eye Investments Ltd. ("Tiger Eye")* \_\_\_ F.3d \_\_\_, Case No. 09-5065, 2010 WL 2794281 (D.C.Cir. 2010). As no final forfeiture order naming the restrained assets in the instant action will have been entered in Brazil before the mandate is issued in the *Tiger Eye* matter on September 7, 2010, the United States respectfully moves that this Court vacate its January 26, 2005 restraining order. In addition, because the District of Columbia Circuit has found that this Court lacked authority under 28 U.S.C. § 2467(d)(3) to enter the type of restraining order issued in this matter and the restraint is not based upon an independent right of action under U.S. law, there is no "action" pending in this Court into which the Trade and Commerce Bank Liquidators ("the Liquidators") can intervene. Accordingly, the Liquidators proposed intervention should be denied as moot.

Upon the lifting this Court's January 26, 2005 restraining order, the United States intends to follow the terms of an Order entered by the United States District Court for the District of New Jersey in 2004, which directs the return of the captioned assets to the prevailing "claimants" in that U.S. civil forfeiture action, namely, Kesten Development Corporation ("Kesten") and Turist- Câmbio Viagens e Turismo Ltda. *U.S. v. $ 8,221,877.16 in Currency*, Civil Action 00-2667 (JWB), D.N.J., Document 132, attached as Exhibit 1.

2

## ARGUMENT

The July 16, 2010 ruling in the *Tiger Eye* appeal is dispositive for this case. In *Tiger Eye* the Court of Appeals affirmed the District Court's interpretation of 28 U.S.C. §2467(d)(3) that a U.S. court lacks the legal authority to issue a restraining order based upon an affidavit of a foreign official prior to the entry of a forfeiture judgment in the requesting foreign country. *See* 2010 WL 2794281 at *4. A Court of Appeals' ruling is binding on district courts in which the Circuit Court sits and "district judges . . . are obligated to follow controlling circuit precedent until either we, sitting en banc, or the Supreme Court, overrule it." *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997)("That a district judge disagrees with circuit precedent does not relieve him of this obligation whether or not the precedent has been embraced by our sister circuits.") (Internal citation omitted); *See also, Spannaus v. United States Department of Justice*, 824 F.2d 52, 55 (D.C.Cir. 1987)("until action by the Supreme Court or an *en banc* panel of this court supervenes, we must adhere to the law of the circuit.").

As in *Tiger Eye*, the United States applied to this Court for a restraining order in this matter based on an affidavit executed by Brazilian Federal Prosecutor in order to discharge its treaty obligations in response to a request for assistance from Brazil pursuant to the Mutual Legal Assistance in Criminal Matters Treaty between the United States and Brazil (the "MLAT"), signed by the United States and Brazil on October 14, 1997, and ratified by the United States on September 28, 1998, S. Treaty Doc. No. 105-42. *See*, Docket Entry No. 1, *Ex-Parte Application*, Exhibit 2. The Brazilian criminal proceedings remain on-going, but a forfeiture order naming the funds restrained by this Court will not be entered by the Brazilian trial court prior to mandate issuing in the *Tiger*

3

*Eye* case on September 7, 2010. Absent a final forfeiture order naming the restrained assets as forfeited under Brazilian law, the *Tiger Eye* decision requires this Court to lift its January 26, 2005 restraining order. *Tiger Eye*, 2010 WL 2794281 at *3. (D.C.Cir. 2010). ("By its plain text, §2467(d)(3) allows U.S. courts to issue temporary restraining orders to preserve property "subject to a foreign forfeiture or confiscation *judgment* "-not to preserve property "subject to foreign forfeiture or confiscation."). Upon dissolution of the restraining order, the United States will seek to return the formerly restrained assets in compliance with a 2004 order issued by the District Court for the District of New Jersey[1]. *See* Exhibit 1.

The Court of Appeals ruling in *Tiger Eye* also deprives this Court of jurisdiction to determine any other issue that Liquidators wish to dispute before this Court. There currently is not, nor has there ever been, any "action" filed in this Court involving these assets or the persons or entities that currently still own them who were restrained from alienating the assets by this Court's January 26, 2005 Order. The only existing litigation involving rights to properties currently restrained by this Court are the criminal action in Brazil, in which the Liquidators refuse to intervene, and an *in personam* suit the liquidators only recently filed in the British Virgin Islands against the nominal corporate owner of the Venus account assets, Kesten. This Court does not have independent subject matter jurisdiction over such legal disputes or, as far as the United States can tell,

---

[1] In 2000, the United States Attorney's Office in New Jersey filed a civil forfeiture action against the captioned assets, which previously had been seized by DEA from bank accounts located in New Jersey and New York in 1999 and 2000. The District Court in New Jersey dismissed that civil forfeiture action on July 6, 2004, ordering the return of the seized property, including the Venus account, to the claimants, Kesten Development Corporation and Turist-Câmbio Viagens e Turismo Ltda. *See* Exhibit 1. The 2004 New Jersey decision and ruling were appealed, but the appeal ultimately was decided in favor of the claimants. The funds remained in the custody of the United States and the accounts from which they were seized are closed. Once this Court's January 26, 2005 Order is vacated, the United States must honor that 2004 Order.

4

independent personal jurisdiction over Kesten, its owners or its assets[2]. There is currently no pending federal suit or action *in rem* or *quasi in rem* against those assets in this District nor is there any suit or action *in personam* against the owners of those assets in this District[3]. The Liquidators cannot intervene in and breathe life into a nonexistent law suit. "It is well-settled that since intervention contemplates an existing suit in a court of competent jurisdiction and because intervention is ancillary to the main cause of action, intervention will not be permitted to breathe life into a 'nonexistent' law suit." *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965). There is no "action" pending here, nor have Liquidators filed a proposed pleading setting forth a cause of action under U.S. law. For the forgoing reasons, the restraining order should be vacated, and the Liquidators' Motion to Intervene should be denied as moot.

---

[2] The Liquidators have repeatedly portrayed themselves as a victim of the Peirano family's crimes. *See, e.g, the Liquidators' Reply* at 16 fn. 15. The Liquidators previously brought a suit in the Grand Court in the Cayman Islands against TCB's auditor, Arthur Andersen, LLP (hereinafter "Andersen") for its negligence, alleging that Andersen had failed to detect the fraud orchestrated on TCB by the Peirano family. Judge McIntosh sitting in the Grand Court in the Cayman Islands issued a 16-page opinion dismissing the Liquidators' suit on the grounds that TCB is *not a victim*; but rather, is *a villain* and could not file such a suit. *See, TCB Creditor Recoveries Limited v. Arthur Andersen LLP*, 2008 C.I.L.R. 486 (Grand Ct. 2008) (Judge McIntosh's opinion is annexed hereto as Exhibit 2). Further, the United States, requesting that the Liquidators provide it with some evidence tracing TCB's alleged stolen assets directly to the seized Venus Account funds, met with the Liquidators and their U.S. counsel on August 4, 2010 for the purpose of seeing if the real victims might have theoretical standing to claim compensation from assets forfeited by Brazil. The United States was informed by Liquidators that they could not directly trace any of TCB's former assets into the Venus account funds. Apparently, the funds in the Venus account consistently "zeroed out," usually shortly after any funds were transferred to it. In other words, not one dollar seized by DEA in 1999 and 2000 can be shown to be directly traceable to funds stolen by the Peiranos.

[3] It is important to note that the restraint order issued in this matter is narrow and was predicated upon the Brazilian criminal case, not any independent U.S. case. The order prevented certain persons, who owned the assets and are on trial in Brazil, from exercising control over certain assets held by the United States Marshals Service in the District of New Jersey. There is no separate seizure warrant issued by this Court that creates blanket *in rem* jurisdiction over those assets and any Rule 41(g) relief, as hinted at by the Liquidators, is completely inappropriate. *See, United States v. Voraveth*, 2008 WL 4287293, at *3 (D. Minn. 2008) (Rule 41(g) is not a proper vehicle for contesting the seizure of property for forfeiture because section 983(a)(2) provides an adequate remedy at law). *See also, Baranski v. Fifteen Unknown Agents of ATF*, 195 F. Supp. 2d 862, 868 (W.D. Ky. 2002) (Court has no jurisdiction to consider Rule 41(g) motion raising Fourth Amendment issues where pending action gives claimants adequate remedy at law).

Dated: August 31, 2010                    Respectfully Submitted

                                          JENNIFER SHASKY CALVERY, Chief


                                          _____/S/_____
                                          LINDA M. SAMUEL, Deputy Chief
                                          DC BAR #388970
                                          A.J. DE KLUIVER, Senior Trial Attorney
                                          LA BAR #20163
                                          U.S. Department of Justice, Crim. Division
                                            Asset Forfeiture/Money Laundering
                                          Section
                                          1400 New York Avenue, N.W. Ste 10100
                                          Washington, D.C. 20530
                                          Tel: (202)514-1263; Fax: (202)514-5522
                                          Attorneys for the United States of America

# THE BARRY FISCHER LAW FIRM LLC

550 FIFTH AVENUE – 6TH FLOOR
NEW YORK, NEW YORK 10036-5007
TEL.: (212) 840-9300
FAX.: (212) 840-9323
WWW.BFLF-US.COM

BARRY R. FISCHER
ADMITTED IN NY AND FL
BFISCHER@BFLF-US.COM

September 14, 2010

BY FEDERAL EXPRESS
The Honorable Royce C. Lamberth
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Re: *United States of America For and On Behalf of the Federal Republic of Brazil v. Antonio Pires de Almeida, Regina Ruriko Inoue and Roseli Ciolfi as Beneficial Owners of $8,216,814.00 and accrued Interest in United States Currency Representing:, et al.* Case No. 1:05 MS 00040 (RCL), USDC for DC

Dear Judge Lamberth:

This law firm, along with Friedman Kaplan Seiler & Adelman LLP, represents and has since early 1999 represented Claimants Kesten Development Corp. and Turist-Câmbio Viagens e Turismo Ltda. (collectively, "Claimants") in a civil forfeiture proceeding commenced in the District of New Jersey in 2000 entitled *United States v. $8,221,877.16*, Civil Action No. 00-2667 (D.N.J.) (the "New Jersey Action").

On July 6, 2004, Judge John W. Bissell, then Chief Judge of the District of New Jersey, issued an Order in the New Jersey Action directing the United States to return to Claimants the total sum of $8,221,877.16. That Order (copy attached) followed a hard-fought legal battle spanning five years. *See United States v. $8,221,877.16*, 330 F.3d 141 (3d Cir. 2003).

On January 26, 2005, this Court granted an *ex parte* motion in above-referenced case at the request of the Department of Justice on behalf of the Brazilian government for an order



EXHIBIT P

# THE BARRY FISCHER LAW FIRM LLC

restraining pursuant to 28 U.S.C. § 2467(d)(3) the same $8,216,814.00[1] that was the subject of Judge Bissell's July 6, 2001 order and accrued interest thereon.

The D.C. Circuit's recent ruling in *In re Any and all funds or other assets in Brown Brothers Harriman & Co. Account No. 8870792 in the name of Tiger Eye Investments Ltd.*, No. 09-5065, 2010 WL 2794281 (D.C. Cir. July 16, 2010) (*"Tiger Eye"*), is directly applicable to this case and requires that that restraint be lifted and Judge Bissell's Order be followed. In particular, in *Tiger Eye*, the Court of Appeals held that "a U.S. court may freeze assets under § 2467(d)(3) only after a foreign court's forfeiture judgment." Slip Op. at 3. Here, as the government concedes, there is no foreign court forfeiture judgment. Accordingly, the restraint issued in this matter should be dissolved immediately and the funds returned to Claimants.

The undersigned has been in communication with Jack de Kluiver, Senior Trial Attorney, United States Department of Justice Criminal Division, Asset Forfeiture and Money Laundering Section International Unit, who has admitted that the Court of Appeals' decision in *Tiger Eye* is controlling in this case. In addition, the United States has conceded that the Court of Appeals' decision in *Tiger Eye* may have a "significant impact" on the restraint issued by this Court, when it stated in its Opposition to the Motion of Trade and Commerce Bank Liquidators to intervene in the instant case that:

> "At the outset, the United States must acknowledge that the D.C. Circuit's recent ruling in *In re Any and all funds or other assets in Brown Brothers Harriman & Co. Account No. 8870792 in the name of Tiger Eye Investments Ltd. ("Tiger Eye")*, No. 09-5065, 2010 WL 2794281 (D.C. Cir. July 16, 2010) may have a significant impact on the January 26, 2005 Order issued by the Court in this matter."

In accordance with the Court of Appeals' recent controlling decision in *Tiger Eye* and the government's oral and written concessions that *Tiger Eye* is applicable here, the undersigned respectfully requests that this Court: (1) immediately dissolve the restraint issued in this case; (2) direct the government to comply immediately with the July 6, 2004, order of Judge Bissell, which directed the immediate return to Claimants of $8,216,814.00; and (3) order the government to transfer such funds together with accrued interest thereon to our clients, the Claimants, via my firm's attorney trust account, the coordinates of which already have been provided to Mr. de Kluiver.

I am available to discuss this matter at Your Honor's convenience.

Respectfully submitted,

Barry R. Fischer (NY Bar # BF0274)

---

[1] Claimants made no claim on the amount of $5,063.16 which was seized by the United States at the same time.

# THE BARRY FISCHER LAW FIRM LLC

cc: Emily A. Stubbs, Esq., Friedman Kaplan Seiler & Adelman LLP
     Jack de Kluiver, Esq., United States Department of Justice Criminal Division

D L Waldek
Claimant
First
Exhibit DLW1
Sworn 15.09.10
Filed 15.09.10

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

BETWEEN:

    Trade and Commerce Bank (In Official Liquidation)
    (a company incorporated in the Cayman Islands)

                                                                                          **Claimant**

and

    Kesten Development Corporation

                                                                                         **Defendant**

---

### FIRST AFFIDAVIT OF DANIEL LESLIE WALDEK

---

I, **DANIEL LESLIE WALDEK**, of Forbes Hare, Palm Grove House, Road Town, Tortola, **AFFIRM** and say as follows:

1. I am a solicitor of the Eastern Caribbean Supreme Court, British Virgin Islands and an associate of the law firm Forbes Hare of the above address.

2. The contents of this affidavit are within my personal knowledge and are true or, where not within my personal knowledge, are true to the best of my knowledge, information and belief.

3. On 3 September 2010, Forbes Hare (on behalf of the Claimant) requested judgment in default of acknowledgment of service. A judgment in default of acknowledgment of service was issued by the Registrar of the High Court today, 15 September 2010. A true copy of the judgment in default is exhibited hereto as Exhibit DLW1.

**EXHIBIT Q**

4. I have arranged for the judgment in default to be served on the Defendant today by delivering a copy to the Defendant's registered agent.

| | |
|---|---|
| AFFIRMED by the within-named | ) |
| DANIEL LESLIE WALDEK this | ) |
| 15th day of September 2010 at | ) |
| Road Town Tortola | ) |

BEFORE ME

_____
A COMMISSIONER OF OATHS

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

BETWEEN:
    Trade and Commerce Bank (In Official Liquidation)
    (a company incorporated in the Cayman Islands)
                                  Claimant

and

    Kesten Development Corporation
                                  Defendant

---

**FIRST AFFIDAVIT OF DANIEL LESLIE WALDEK**

---

# Forbes Hare

Palm Grove House
P.O. Box 4649
Road Town
Tortola
British Virgin Islands
Tel: (284) 494 1890
Fax: (284) 494 1136

**Legal Practitioners for the Claimant**

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

BETWEEN:

    Trade and Commerce Bank (In Official Liquidation)
    (a company incorporated in the Cayman Islands)

                                                 Claimant

and

    Kesten Development Corporation

                                                 Defendant

---

## CERTIFICATE OF EXHIBIT DLW1

---

I certify that this is the bundle of copy documents referred to as Exhibit "DLW1" in paragraph 3 of the First Affidavit of Daniel Leslie Waldek sworn on 15 September 2010.

Dated 15 September 2010

_____
Commissioner of Oaths

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

BETWEEN:

Trade and Commerce Bank (In Official Liquidation)
(a company incorporated in the Cayman Islands)

Claimant

and

Kesten Development Corporation

Defendant

---

ORDER

---

Before: The Honourable Justice Edward Bannister QC

Dated: 14 September 2010

Entered: 15 September 2010

UPON hearing William Hare for the Claimant

IT IS HEREBY ORDERED THAT:

1. Judgment be entered for the Claimant, pursuant to Rule 12.4 of the CPR, in default of acknowledgment of service;

2. The Defendant shall pay to the Claimant the sum of US$15,936,369.00; and

3. The Defendant is to pay the Claimant's costs to be assessed.

BY THE COURT

_____
Registrar

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

BETWEEN:
    Trade and Commerce Bank (In Official Liquidation)
    (a company incorporated in the Cayman Islands)

                                Claimant

and

Kesten Development Corporation
                                Defendant

---

**CERTIFICATE OF EXHIBIT DLW1**

---

# Forbes Hare

Palm Grove House
P.O. Box 4649
Road Town
Tortola
British Virgin Islands
Tel: (284) 494 1890
Fax: (284) 494 1136

**Legal Practitioners for the Claimant**