**REID COLLINS & TSAI LLP**

William T. Reid, IV (WR-5205)
Rachel S. Fleishman (RF-5080)
30 Wall Street
New York, NY 10005
212.344.5200 (telephone)
212.344.5299 (facsimile)

*Attorneys for Richard Fogerty, Joint Official Liquidator of Trade and Commerce Bank (In Liquidation)*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------X<br>IN RE:<br><br>TRADE AND COMMERCE BANK (IN LIQUIDATION)<br><br>          DEBTOR,<br>-----------------------------------------------------------------X<br>RICHARD FOGERTY, AS JOINT OFFICIAL LIQUIDATOR OF TRADE AND COMMERCE BANK<br><br>          PLAINTIFF,<br><br>-AGAINST-<br><br>KESTEN DEVELOPMENT CORP.<br><br>          DEFENDANT.<br>-----------------------------------------------------------------X | CHAPTER 15<br>CASE NO. 05-60279 (SMB)<br><br>ADV. PRO. NO. 10-03611 (SMB) |

**MOTION OF PLAINTIFF FOR ENTRY OF AN ORDER SHORTENING TIME OF NOTICE WITH RESPECT TO MOTION FOR AN ORDER SEEKING <u>TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

TO: THE HONORABLE STUART M. BERNSTEIN,
   UNITED STATES BANKRUPTCY JUDGE:

Richard E. L. Fogerty and G. James Cleaver, the Joint Official Liquidators and Foreign Representatives (the "Foreign Representatives") of Trade and Commerce Bank (in Liquidation) ("TCB"), by their attorneys, Reid Collins & Tsai LLP, hereby submits their motion (the "Motion") for entry of an order (i) pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Rules for the Southern District of New York (the "Local Rules"), shortening time of notice with respect to their motion for an order seeking a temporary restraining order and preliminary injunction (the "Motion for Relief"). In support of this Motion, the Foreign Representatives respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (M). Venue of this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A. Procedural Background**

2. On February 8, 2006 this Court granted TCB Chapter 15 recognition.

3. Since then, on August 18, 2010, the Foreign Representatives brought suit in the British Virgin Islands against Kesten Development Corp. ("Kesten") for its role in the looting of TCB and received a default judgment in that proceeding on September 15, 2010.

4. Subsequently, on September 16, 2010 the Foreign Representatives brought an adversary proceeding in this Court to recognize and enforce the default judgment they received in the British Virgin Islands.

5. On September 24, 2010, the Foreign Representatives moved the Court to issue a temporary restraining order and preliminary injunction against Kesten to protect their ability to execute any judgment against Kesten.

B. **Factual Background**

6. Kesten is a BVI corporation that was part of a money laundering scheme that depended on Kesten's bank account at MTB Bank named Venus ("Venus Account"). Kesten used the Venus Account to launder and steal millions of dollars, including funds from TCB.

7. In early 1999, the United States Government ("Government") seized the Venus Account for its ties to money laundering and narcotics.

8. The Government was unable to forfeit the seized funds, and in 2004, the U.S. District Court for the District of New Jersey ordered the Government to return the funds to Kesten.

9. However, in 2005, before the Government returned the funds, the Government moved the U.S. District Court for the District of Columbia ("D.C. District Court") for a restraining order enjoining Kesten and its principals from receiving the funds seized from the Venus Account pending criminal proceedings against Kesten's principals in Brazil pursuant to a Mutual Legal Assistance Treaty ("MLAT") request by the Brazilian Government. The D.C. District Court granted that motion.

10. Since 2005, the funds have been in a U.S. Marshalls' account pending the Brazilian Criminal proceedings. But, a recent decision in *Any and All Funds or Other Assets in Brown Brothers Harriman & Co. Account No. 8870792 in the name of Tiger Eye Investments Ltd. ("Tiger Eye")*, No. 09-5065, 2010 WL 2794281 (D.C. Cir. July 16, 2010), held that a restraining

order may not be maintained pursuant to an MLAT request without a final foreign forfeiture order in the foreign country.

11. As a result, the D.C. District Court vacated its restraining order prohibiting the distribution to the seized funds on September 23, 2010.

12. Now that the restraining order is vacated, the Government will comply with the District Court of New Jersey's order to return the seized funds to Kesten. Kesten's U.S. counsel has already provided the government with the routing information to his attorney trust account for the distribution of the funds, and that distribution *could happen at any time*.

13. Once Kesten holds the funds, considering its past predilection for money laundering, it is likely that the funds will be transferred, moved, distribute, or dissipated in some way, limiting or completely preventing the Foreign Representatives from satisfying any judgment they get against Kesten.

## RELIEF REQUESTED

14. By this Application, the Foreign Representatives seek the entry of an Order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), shortening the notice period with respect to the Motion for Relief pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b), so that the Foreign Representatives may seek entry of an order approving the Motion for Relief at a hearing scheduled at the earliest available time.

## GROUNDS FOR RELIEF

### CAUSE EXISTS TO SHORTEN AND LIMIT NOTICE

15. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of

4

court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).

16. This Motion seeks to shorten the notice period so that the Court may hear the Motion for Relief on an expedited basis on September 30, 2010 or as soon thereafter as the Court sees fit. Accordingly, the Foreign Representatives respectfully request that the Court waive the required notice period and allow them to seek entry of an order with respect to the Motion for Relief as soon as the Court may allow.

17. The Foreign Representatives believe that shortened notice and an expedited hearing is warranted under the circumstances, and that due process is not hindered as a result of the proposed shortening of the applicable notice periods. The Foreign Representatives further submit that granting the relief requested herein will allow them to forestall the grave risk to the Foreign Representatives ability to satisfy a judgment against Kesten and recover funds for the benefit of TCB's creditors should Kesten be permitted to transfer, move, distribute, or dissipate the funds before this adversary proceeding is resolved. Since the risk of such action increases by each day, the Foreign Representatives assert that the circumstances are sufficiently exigent to justify hearing the Motion on shortened notice.

18. No previous request for the relief sought herein has been made to this or any other Court.

## NOTICE

19. Notice of this Motion to shorten time has been provided to: (i) counsel to Debtors, (ii) the Office of the United States Trustee for the Southern District of New York; (iii) and, (iv) any

5

other party who has filed a notice of appearance in these cases. The Foreign Representatives submit that such notice is sufficient under the circumstances.

WHEREFORE the Foreign Representatives respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
September 28, 2010

Respectfully submitted,

REID COLLINS TSAI LLP

*/s/ William T. Reid IV*
William T. Reid IV (WR-5205)
Rachel S. Fleishman (RF-5080)
30 Wall Street
New York, New York 10005
Tel.: (212) 344-5200
Fax: (212) 344-5299
wreid@rctlegal.com
rfleishman@rctlegal.com
*Attorneys for Richard Fogerty, Joint Official Liquidator of Trade and Commerce Bank (in Liquidation)*

TO: Kesten Development Corp
Care of Sucre & Sucre Trust Ltd.
Chera Chambers
Main Street
P.O. Box 3163
Road Town
Tortola, British Virgin Islands

Barry Fischer
550 Fifth Ave
6th Floor
New York, NY 10036-5007
Telephone: (212) 840-9300
Fax: (212) 840-9323

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September 2010, I served a true and correct copy of the foregoing **MOTION OF PLAINTIFF FOR ENTRY OF AN ORDER SHORTENING TIME OF NOTICE WITH RESPECT TO MOTION FOR AN ORDER SEEKING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** by U.S. First Class Mail to the following registered agent and counsel for Defendant Kesten Development Corp. (counsel also served by email) and by email to and the United States Department of Justice:

Sucre & Sucre Trust Ltd.
Chera Chambers
Main Street
P.O. Box 3163
Road Town
Tortola, British Virgin Islands

Barry Fischer
550 Fifth Ave
6th Floor
New York, NY 10036-5007
Telephone: (212) 840-9300
Fax: (212) 840-9323

        */s/ William T Reid, IV*
        William T. Reid, IV