FRIEDMAN KAPLAN SEILER & ADELMAN LLP
Emily A. Stubbs (ES 5458)
1633 Broadway
New York, NY 10019-6708
212-833-1100 (telephone)
212-833-1250 (facsimile)

THE BARRY FISCHER LAW FIRM LLC
Barry R. Fischer (BF 0274)
550 Fifth Avenue, 6th Floor
New York, NY 10036-5007
212-840-9300 (telephone)
212- 840-9323 (facsimile)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re: :
:
TRADE AND COMMERCE BANK (IN : Chapter 15
LIQUIDATION) : Case No. 05-60279 (SMB)
:
Debtor, :
:
------------------------------------------------------------x
:
RICHARD FOGERTY, as Joint Official Liquidator of :
Trade and Commerce Bank, : Adv. Proc. No. 10-03611 (SMB)
:
Plaintiff, :
:
- against - :
:
KESTEN DEVELOPMENT CORP., :
:
Defendant. :
------------------------------------------------------------x

## DECLARATION OF BARRY R. FISCHER

Barry R. Fischer, hereby declares the following under penalties of perjury:

1. I am an attorney duly admitted to practice before the United States District Court for the Southern District of New York. I make this declaration on behalf

920361.1

of The Barry Fischer Law Firm LLC ("Fischer Law Firm") and Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan") (collectively, the "Objectors"), in support of their Objection to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and Petition to Enforce Attorney's Lien filed herewith (the "Objection").

2. The appearance of my law firm and Friedman Kaplan in support of our firms' Objection to plaintiff's motion for a temporary restraining order and preliminary injunction (the "Motion") is not to be construed as a general or special appearance in this proceeding on behalf of Kesten. We appear only in support of our charging lien upon one-third (1/3) (33.333%) of the amount restrained by the US Government together with accrued interest thereon.

3. In or about January 1999, I was retained by Kesten and Turist-Câmbio Viagens e Turismo Ltda. (collectively, "Claimants") to represent their interests in a civil forfeiture proceeding later commenced in the District of New Jersey in 2000 entitled *United States v. $8,221,877.16*, Civil Action No. 00-2667 (D.N.J.) (the "Forfeiture Proceeding"). Shortly thereafter, the law firm of Friedman Kaplan Seiler & Adelman LLP was retained by me as co-counsel.

4. Subsequently both law firms were involved in very hard fought five-year long litigation (*see, e.g., United States v. $8,221,877.16*, 330 F.3d 141 (3d Cir. 2003) in the Forfeiture Proceeding and related civil actions concerning the $8,221,877.16 that the government had seized in 1999 (the "Seized Funds"). That litigation resulted in an order dated July 6, 2004, in which Judge John W. Bissell, then Chief Judge of the District of New Jersey, directed the United States to return the Seized Funds to the Claimants.

5. My law firm and Friedman Kaplan were originally retained on an hourly rate basis and the Claimants did make some payments on account, but soon stopped making payments, since the many hundreds of hours of legal work had resulted in six figure receivables due to both law firms. In February 2000, Claimants requested that they be allowed pay those receivables from any funds ordered to be returned to them as a result of the litigation and Claimants added a contingency bonus to the fee arrangement, based on a sliding scale of possible recovery.

6. On January 26, 2005, after issuance of Judge Bissell's order, but before the government returned the seized funds to Claimants due to pending motions and appeals, the district court for the District of Columbia granted an *ex parte* motion at the request of the Department of Justice on behalf of the Brazilian government for an order restraining pursuant to 28 U.S.C. § 2467(d)(3) the majority of the funds that were the subject of Judge Bissell's July 6, 2004 order. A recent ruling by the court of appeals for the District of Columbia made clear that the government lacked any statutory basis for the ex parte restraint it obtained in 2005. *See In re Any and all funds or other assets in Brown Brothers Harriman & Co. Account No. 8870792 in the name of Tiger Eye Investments Ltd.*, No. 09-5065, 2010 WL 2794281 (D.C. Cir. July 16, 2010). Accordingly, on September 22, 2010, the D.C. district court issued an order vacating the restraint.

7. On October 20, 2008, I met personally with the Claimants' representatives in Sao Paulo, Brazil. During the course of our discussion, the issue was raised that my law firm (then known as Fischer & Mandell LLP) and Friedman Kaplan,

920361.1

while acting as counsel for Kesten, had not been paid hundreds of thousands of dollars in legal fees and that these receivables had been outstanding for more than eight years.

8. The Claimants suggested and it was agreed to on that date that, in the event that recovery could be made of any portion of the Seized Funds, an amended and revised legal fee of one-third (1/3 or 33.333%) of the total amount of any such recovery including accrued interest would apply, to be divided between counsel according to their understandings. This revised contingent fee arrangement was not reduced to writing on October 20, 2008, because *Tiger Eye* had not been decided and at that time there was no immediate prospect for the return to Claimants of the Seized Funds. Subsequent to the *Tiger Eye* decision two years later, Claimants orally confirmed the revised contingent fee arrangement, as did their Brazilian counsel on Claimants' behalf.

9. There can be no doubt but that my firm's attorney's charging lien set forth herein has complete priority over the claims and very recently obtained BVI judgment against Kesten which the plaintiff seeks to enforce in this court. The legal work performed by my firm and Friedman Kaplan commenced in January 1999 and continued over a multi-year period without payment.

10. To the degree that this court has or will have jurisdiction over the restrained money, we respectfully request that the Court direct one-third (1/3) of that amount be paid over to the Barry Fischer Law Firm LLC escrow account for division among counsel in satisfaction of legal receivables that date back more than ten years.

11. Thus, as explained above, the Fischer Law Firm has a valid enforceable attorney's charging lien to one-third of the Seized Funds, plus interest, to be

returned by the government to Kesten. The Court should deny plaintiff's Motion to the extent it seeks to enjoin such payment by Kesten as is necessary to satisfy the Fischer Law Firm's attorney's lien, and the Court should order that such funds shall be paid to the Fischer Law Firm.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2010 at New York, New York.

_____
Barry R. Fischer