UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

TRADE AND COMMERCE BANK (IN
LIQUIDATION)

                    Debtor,
-------------------------------------------------------------------x
RICHARD FOGERTY, as Joint Official Liquidator of
Trade and Commerce Bank

                    Plaintiff,

       -against-

Kesten Development Corp.

                  Defendant.
-------------------------------------------------------------------x

Chapter 15
Case No. 05-60279 (SMB)


Adv. Pro. No. 10-03611 (SMB)

## DECLARATION OF CLAUDIA NIBBS

       I, Claudia Nibbs, declare that service of the attached Summons and Notice of Pretrial Conference in an Adversary Proceeding with a copy of the Complaint was made on September 17, 2010 by personal service by leaving the process with the Defendant, Kesten Development Corp., at the offices of Sucre & Sucre Trust Limited, 2nd Floor, Chera Chambers, Road Town, Tortola, British Virgin Islands. A copy of a letter evidencing service is also attached to this Declaration.

       I further declare that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

       Under penalty of perjury under the laws of the United States of America, I declare that the foregoing is true and correct.

       Dated: 21 September 2010.

                                                 Claudia Nibbs

                                              Business Address: Forbes Hare, Palm Grove House, P.O. Box 4649, Road Town, Tortola.

# Forbes Hare

Palm Grove House · P.O. Box 4649
Road Town · Tortola · VG1110
British Virgin Islands

T: +1 284 494 1890 F: +1 284 494 1316
www.forbeshare.com

**Direct**: + 1 (284) 852 1895
**Email**: robert.nader@forbeshare.com
**Ref**: 2010-4321-001/WRH/DW/RN/SH

Kesten Development Corporation
Care of Sucre & Sucre Trust Limited
P.O. Box 3163
Chera Chambers, Main Street
Road Town, Tortola
British Virgin Islands

17 September 2010

Dear Sirs

**Kesten Development Corporation (the "Company")**

Please find enclosed by way of service on the Company, a copy of a Summons and Notice of Pretrial Conference in an Adversary Proceeding in the United States Bankruptcy Court, Southern District of New York, together with the exhibits to the same, dated 17 September 2010.

Yours faithfully

*Forbes Hare*

**Forbes Hare**

Served On: _KESTEN DEVELOPMENT CORPORATION_
Served By: _N. Peters_
Date Served: _17/9/10_
Time Served: _____
Received By: _____

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: Trade and Commerce Bank (in Liquidation)  Bankruptcy Case No.: 05–60279–smb

Richard Fogerty

Plaintiff(s),

–against–  Adversary Proceeding No. 10–03611–smb

Kesten Development Corp.

Defendant(s)

# SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
# IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

| Address of Clerk: | |
|---|---|
| | **Clerk of the Court** |
| | **United States Bankruptcy Court** |
| | **Southern District of New York** |
| | **One Bowling Green** |
| | **New York, NY 10004–1408** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of<br>Plaintiff's Attorney: | |
|---|---|
| | **William T. Reid IV** |
| | **Reid Collins & Tsai LLP** |
| | **30 Wall Street** |
| | **New York, NY 10005** |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004–1408 | Room: Courtroom 723 (SMB), One Bowling Green, New York, NY 10004–1408<br>Date and Time: 11/16/10 at 10:00 AM |
|---|---|

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: 9/17/10

Vito Genna

*Clerk of the Court*

By: /s/ Kevin Cockerham

*Deputy Clerk*

REID COLLINS & TSAI LLP

William T. Reid, IV (WR-5205)
Rachel S. Fleishman (RF-5080)
30 Wall Street
New York, NY 10005
212.344.5200 (telephone)
212.344.5299 (facsimile)

*Attorneys for Richard Fogerty, as*
 *Joint Official Liquidator of Trade and Commerce Bank*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

TRADE AND COMMERCE BANK (IN
LIQUIDATION)

                           Debtor,
-------------------------------------------------------------------x
RICHARD FOGERTY, as Joint Official Liquidator of
Trade and Commerce Bank

                           Plaintiff,

          -against-

Kesten Development Corp.

                           Defendant.
-------------------------------------------------------------------x

Chapter 15
Case No. 05-60279 (SMB)


Adv. Pro. No._____(SMB)

## COMPLAINT

      Richard Fogerty ("**Fogerty**"), the Joint Official Liquidator of Trade and Commerce Bank

("**TCB**"), alleges as follows:

### Nature of the Complaint

      1.      This adversary proceeding is commenced pursuant to 11 U.S.C. §§ 1507 and 1509.

The action is seeking, under the Uniform Foreign Money-Judgments Recognition Act, New York

1

C.P.L.R. §§ 5301-5309, for recognition and enforcement of a final money judgment entered in the British Virgin Islands ("**BVI**") in favor of the plaintiff, Fogerty, and against the defendant, Kesten Development Corp. ("**Kesten**").

**Parties**

2.      The debtor, TCB, was a Cayman Island entity, organized in 1988 and placed in liquidation in 2002. On February 8, 2006, this Court gave TCB Chapter 15 recognition pursuant to 11 U.S.C. §§ 1515 and 1517.

3.      Plaintiff Fogerty was appointed Joint Official Liquidator of TCB on March 18, 2004 by the Grand Court of the Cayman Islands.

4.      Defendant Kesten is a BVI company that was incorporated in 1994 and struck from the register in May 2001. On or about August 16, 2010, Kesten was restored to the register in the BVI.

**Jurisdiction and Venue**

5.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 the Standing Order of Reference in this District dated July 10, 1984.

6.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

7.      Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1410.

**Background Facts**

8.      On or about August 18, 2010, TCB, in official liquidation, commenced an action against Kesten before the Eastern Caribbean Supreme Court High Court of Justice British Virgin Islands Commercial Division seeking restitution of the funds Kesten knowingly and unconscionably received  from TCB through a third party ("**BVI Action**"). A true and correct

copy of the statement of claim, Claim No. BVI HC (COM) 2010/107, is attached as Exhibit A and a true and correct copy of the claim form for Claim No. BVI HC (COM) 2010/107 is attached as Exhibit B.

9.      The basis for the BVI Action and this proceeding is Kesten's unconscionable activities in its money exchange business conducted through its bank account at MTB Bank in New York, NY, which included the transmittal of hundreds of millions of illegally obtained dollars.

10.      On or about August 18, 2010, Kesten, through its registered agent, was personally served with the Statement of Claim that commenced the action but Kesten failed to appear to defend the claim within the fourteen-day deadline for appearance.[1]

11.      At the time of filing the BVI Action, Fogerty was unaware that Kesten had counsel in the United States.  However, on September 10, 2010, Kesten's attorney in the United States, Barry Fischer, contacted Fogerty's counsel after Mr. Fischer was made aware of the BVI action by Jack De Kluiver, an attorney for the Department of Justice, on September 9, 2010.  Once Fogerty was aware of Mr. Fischer's representation of Kesten, he also gave Mr. Fischer notice of the BVI action.

12.      On September 15, 2010, the Eastern Caribbean Supreme Court High Court of Justice British Virgin Islands Commercial Division entered default judgment in favor of TCB and against Kesten and ordered Kesten to pay TCB restitution in the amount of US$15,936,369 ("**BVI Judgment**") plus costs.  A true and correct copy of the BVI Judgment is attached as Exhibit D.

---

[1] Exhibit C, Sinead Harris Affidavit of Service, August 19, 2010,

The BVI Judgment was served on Kesten pursuant to BVI law.[2]  Upon receiving the BVI Judgment, Fogerty sent Kesten's United States counsel a copy via email.

13.    At the time it was issued the BVI Judgment was a final judgment and is currently enforceable against Kesten.

14.    At the date of this filing, the amount due and owing by Kesten to TCB as a result of the BVI Judgment is $15,936,369 plus costs.


## Cause of Action

## Count I

(Uniform Foreign Country Money-Judgments Recognition Act)

15.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14.

16.    New York has adopted the Uniform Foreign Country Money-Judgments Recognition Act, New York C.P.L.R. §§ 5301 *et seq.* (the "**Act**")

17.    The BVI Judgment is final, conclusive, and enforceable and as such, the Act applies to its recognition and enforcement.

18.    The amount due by Kesten to TCB pursuant to the BVI Judgment is $15,936,369 plus costs.

19.    TCB has at all times remained the owner and holder of the BVI Judgment, which remains in full force and effect.

20.    By reason of the foregoing, Plaintiff is entitled to recognition and enforcement of the BVI Judgment.

---

[2] Exhibit E, Sinead Harris Affidavit of Service, September 15, 2010.

## Prayer

WHEREFORE, Plaintiff requests this Court to enter an order:

a) Granting Plaintiff an order recognizing the BVI Judgment;

b) Granting Plaintiff judgment as against the Defendant in the amount of $15,936,369 plus costs; and

c) For such other and further relief as the Court deems just and appropriate in equity or law including recognition and enforcement of the BVI Judgment pursuant to the mandate under 11 U.S.C. § 1509(b)(3) that the Court shall grant comity to the foreign representative and the Court's broad powers under 11 U.S.C. § 1521(a)(7) to grant additional relief.

Dated: New York, New York
September 16, 2010

Respectfully submitted,

REID COLLINS & TSAI LLP

_/s/ William T. Reid IV_
William T. Reid, IV (WR-5205)
Rachel S. Fleishman (RF-5080)
30 Wall Street
New York, New York 10005
Tel.: (212) 344-5200
Fax: (212) 344-5299
wreid@rctlegal.com
rfleishman@rctlegal.com
_Attorneys for Richard Fogerty, as_
_Joint Official Liquidator of Trade and_
_Commerce Bank_

FEE STAMPS ON
ORIGINAL
$ 1.20



**IN THE EASTERN CARIBBEAN SUPREME COURT**
**HIGH COURT OF JUSTICE**
**BRITISH VIRGIN ISLANDS**
**COMMERCIAL DIVISION**



**CLAIM NO: BVI HC (COM) 2010/ 107**

**B E T W E E N:**

### Trade and Commerce Bank (In Official Liquidation)
### (a company incorporated in the Cayman Islands)

**Claimant**

**and**

### Kesten Development Corporation

**Defendant**

## STATEMENT OF CLAIM

1.  Trade and Commerce Bank ("**TCB**") is a Cayman Islands company that was placed into liquidation on 29 August 2002 by order of the Grand Court of the Cayman Islands. G. James Cleaver and Richard Fogerty are the Joint Official Liquidators of TCB (the "**Liquidators**"). The Liquidators seek to recover the assets of TCB for distribution in accordance with the statutory insolvency regime of the Cayman Islands.

2.  Kesten Development Corporation ("**Kesten**") is a British Virgin Islands company that was incorporated in 1994 and struck from the register in May 2001. On or around 16 August 2010, Kesten was restored to the register.

3.  From its incorporation until in or about 1999 Kesten along with its Brazilian parent company Turist-Câmbio Viagens e Turismo Ltd ("**Turist-Câmbio**"), ran an illegal black market money exchange and money laundering business in the United States of America and various countries in South America. During this time, Kesten illegally laundered billions of dollars for various South American smugglers and criminals using its account at MTB Bank in New York, NY.

1

4.      Kesten's money laundering and exchange operation began shortly after Kesten was incorporated in the British Virgin Islands by the opening of an account with MTB Bank in New York named "Venus" with the account number 030-101107 (the "**Venus Account**") on or about 12 July 1995. Kesten used the Venus Account to accept illicitly obtained U.S. dollars from criminals. In exchange for these U.S. dollars, Turist-Câmbio made payments to criminals in local currency as described above. Kesten also used the Venus Account to accomplish the second half of the money laundering operation by wiring payments of U.S. dollars to vendors for goods on behalf of foreign businesses. Those businesses purchased the U.S. dollars by paying local currency to Turist-Câmbio. Kesten was, therefore, able to collect illicitly gained U.S. dollars and make wire payments on behalf of foreign businesses while Turist-Câmbio collected local currency from the foreign businesses and used it to pay the criminals for the U.S. dollars deposited in the Venus Account. Through this system, Kesten and Turist-Câmbio were able to run a money laundering and exchange operation that saw billions of U.S. dollars move through Kesten's account.

5.      This scheme came to an end in early 1999 when the U.S. Government seized the Venus Account due its ties to illegal funds. In conjunction with the seizure, the U.S. Government also brought criminal charges against Kesten's parent company, Turist-Câmbio for operating as an unlicensed money remitter and against Maria Carolina Nolasco, the banker who controlled the Venus account, for her assistance in the money laundering activities that occurred in the Venus Account. Nolasco was convicted of both money laundering and tax evasion in relation to her actions on behalf of Kesten and sentenced to 30 months in prison. In Brazil, the Brazilian authorities forced Turist Câmbio to cease business due to its illegal operations as a black-market money exchanger and brought criminal charges against its principals in Brazil.

6.      TCB was a company incorporated in the Cayman Islands, in 1988, to provide off-shore banking services to the Velox Group. At all material times members of the Peirano family were directors and/or agents of TCB and, as such, owed fiduciary duties to TCB to act in its best interests at all times. The Velox Group was a collection of entities controlled by Jorge Peirano Facio and his sons Juan Peirano, Dante Peirano, Jose Peirano, and Jorge Peirano Basso (together, the "**Peiranos**"). Through the Velox Group, the Peiranos controlled over 40% of the banks in Uruguay. The Velox Group also included banks in Argentina and Paraguay and money exchange houses throughout South America

as well as various Cayman Islands and British Virgin Island based entities. In addition to the Velox Group, TCB's clients included individuals and companies from Argentina, Uruguay, Paraguay, Chile, and Brazil.

7.   TCB provided deposit accounts, payable-through accounts, custody accounts, Gold Visa products, term deposit accounts, loan accounts, fixed-term loans, investment banking, and exterior-commerce services. Its operations were run out of Montevideo, Uruguay, and movement of its funds was accomplished through correspondent bank accounts in New York, including accounts at Citibank and Swiss Bank. In 2002, it was discovered that the Peiranos had caused TCB to create two separate sets of accounts, one on-the-books and one off-the-books. The Peiranos used the on-the-books accounts to conceal the scheme from TCB's auditors and others. However, the off-the-books accounts revealed that the Peiranos looted over $800 million from TCB. After this scheme came to light, TCB was put into liquidation in the Cayman Islands.

8.   The Peiranos stole TCB's funds to finance their investments in the Velox Group and other entities as well as to support their lifestyle. To fund their scheme, the Peiranos solicited funds from TCB's customers who thought they were placing their funds in interest-bearing accounts, but instead the Peiranos were looting the funds for their personal use. The Peiranos also perpetrated a scheme in which their banks in Argentina, Uruguay, and Paraguay took deposits from their customers and loaned them to TCB in exchange for a note with a guaranteed rate of return. Thus, TCB held the money of its own customers along with the money of the other Velox Group banks' customers, with the Peiranos having access to all such funds. TCB deposited these funds into correspondent bank accounts, such as Citibank and Swiss Bank. The Peiranos then used the off-the-books accounts at TCB to launder money from these correspondent accounts through various third parties and Velox Group shell entities.

9.   The Peiranos' scheme depended on the customers of TCB and the other Velox Group banks leaving their deposits in the bank, because an attempt to withdraw the funds would expose the fact that the banks did not actually have the money available for withdrawal. The scheme unraveled in 2001, when the Argentine economy crashed. As Argentine

3

faith in the Argentine Peso fell, a run on the banks ensued. In response, the Argentine Government effectively closed the banks, limiting withdrawals to insubstantial amounts.

10. Argentines then went to neighboring Uruguay to withdraw their funds from Uruguayan banks, including those owned by the Peiranos. TCB and the Velox Group banks were unable to honor these withdrawal requests because the Peiranos had stolen their funds. The fraud was exposed and all of the Peiranos, except Juan Peirano Basso, were charged with various financial crimes by the Uruguayan authorities and were put in prison in Uruguay. Juan Peirano Basso escaped to the U.S., but in 2008, he was extradited and is now incarcerated in a Uruguayan prison as well pending trial.

11. All that was left behind by the Perianos were approximately US$800 million in obligations to TCB's former customers and Velox Group banks.

12. The Peiranos used a related entity, Tansy S.A ("**Tansy**"), and Kesten to launder TCB's funds. Kesten knowingly or recklessly assisted the Peiranos in this laundering by accepting TCB's stolen funds in the Venus Account, knowing there was no business purpose for the transaction.

13. Tansy was a Brazilian money remitter with operations in the Uruguayan free-trade zone and Montevideo, Uruguay. There was significant overlap and interaction between Tansy and TCB. The Peiranos partially owned and heavily influenced Tansy's operations, which, like TCB's, were located in Montevideo. Jorge Navarro, an officer at TCB, signatory on many of TCB's correspondent accounts, and close associate of Juan Peirano Basso, was associated with Tansy.

14. After the Peiranos' scheme was shut down, Navarro opened his own accounting firm and housed Tansy's operations inside its offices in Montevideo. Additionally, through its various accounts, Tansy participated in the laundering of hundreds of millions of U.S. dollars from TCB through third parties and shell entities. In excess of US$136 million was stolen from TCB from June 1998 to January 1999 and transferred to Tansy with no apparent business purpose or justification: TCB received nothing in exchange for those

4

transfers and these transfers were made by the Peiranos in breach of their fiduciary duties to act at all times in the best interest of TCB.

15.    In addition to its involvement with TCB, Tansy had relationships with individuals and entities involved in black-market money-remitting. Tansy transferred at least US$500,000 to Maria Carolina Nolasco, the individual who was arrested in connection with the prosecution of Kesten's parent company, Turist-Câmbio for assisting in a black-market money exchange operation. She was paid for illegally transmitting money for currency-exchange houses and money-transmitting businesses in Brazil using dozens of bank accounts she controlled, including the Venus Account. The transfers from Tansy were made for her participation in the illegal money exchange operation.

16.    As set out hereinbefore, Kesten's business was in illegal money exchange and laundering. For that business to work, Kesten needed access to U.S. dollars. TCB provided Kesten with that access. As with Tansy, there were connections between the Velox Group and Kesten. For example, Rosario Guadalupe Villarreal Pujado, a Uruguayan banker, managed one of the four Turist-Câmbio branches in Brazil. And, in 1994 Pujado purchased a 50% ownership interest in Turist-Câmbio, Kesten's parent company, which she later sold in 1998. Prior to her work for Turist- Câmbio, Pujado worked for Finambras, a member of the Velox Group that was 84% owned by Jorge Peirano. Additionally, when Kesten was in the process of opening the Venus Account at MTB Bank, the bank sought out references for Kesten's then principal, Antonio Pires de Almeida. Pires de Almeida previously held a bank account at MTB Bank, but moved his business to another bank when MTB Bank sought to put restrictions on his account. However, after he switched banks, the new bank was shut down. When Pires de Almeida sought to open an account for Kesten, he went back to MTB Bank. One of the references that MTB Bank cited as having vouched for Pires de Almeida and Kesten was the Velox Group.

17.    Using their connections with Tansy and Kesten, the Peiranos laundered US$15.9 million through the Venus Account. It is evident from copies of the bank statements in respect of

and in relation to the Venus Account to which the Liquidators have access, that from in or around June 1998 to January 1999:

17.1.TCB transferred over US$136 million to Tansy (the **"Tansy Transfer"**); and

17.2.Following the receipt by Tansy of the Tansy Transfer, Tansy transferred US$15,936,369.56 million of that money to Kesten (the **"Kesten Transfer"**).

18.    The Kesten Transfer allowed the Peiranos to hide their misappropriation of TCB's funds by sending the funds to what appeared to be an unrelated entity. The Kesten Transfer was undertaken gratuitously with no business purpose or justification, and with no consideration given in return to TCB. The sole purpose of the Kesten Transfer was to obfuscate the theft of TCB's funds by the Peiranos.

19.    Kesten knowingly received the funds constituting the Kesten Transfer and retained the funds for its own benefit. As a black-market money exchanger, Kesten was fully aware that the funds were the proceeds of the Peiranos' fraud on TCB. Further or in the alternative, even if Kesten was not actually aware of the nature of the funds, it was willfully blind to the obvious illicit nature of the funds and willfully or recklessly failed to make any inquiries as to the source of the funds. Kesten's actions in receiving the funds were dishonest, and aimed at making a profit with a conscious disregard for the harm done to TCB through the misappropriation of its assets.

20.    In the premises, Kesten's knowing receipt and retention of the Transfers was and is unconscionable and the Claimant is therefore entitled to restitution of the Kesten Transfer in the sum of US$15,936,369.

**AND THE CLAIMANT CLAIMS:**

1. Restitution from the Defendant of the sum of US$15,936,369;

2. Costs.

**Dated this   day of August 2010**

**FORBES HARE**

**Legal Practitioners for the Claimant**

**STATEMENT OF TRUTH**

I certify that I believe that the facts stated in this Statement of Claim are true.

Richard Fogerty

**Joint Official Liquidator of Trade and Commerce Bank**

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION



CLAIM NO: BVI HC (COM) 2010/ 107

B E T W E E N:

**Trade and Commerce Bank (In Official Liquidation)**
**(a company incorporated in the Cayman Islands)**

**Claimant**

and

**Kesten Development Corporation**

**Defendant**

## CLAIM FORM

The Claimant, Trade and Commerce Bank (In Official Liquidation) care of Zolfo Cooper (Cayman) Limited, P.O. Box 1102 GT, 4th Floor, Building 3, Cayman Financial Centre, Grand Cayman, Cayman Islands, claims against the Defendant care of Sucre & Sucre Trust Limited, Chera Chambers, Main Street, P.O. Box 3163, Road Town, Tortola, British Virgin Islands, for:

(1) Restitution to it by the Defendant of the sum of US$15,936,369; and

(2) Costs.

**NOTICE TO THE DEFENDANT – See the notes served with this claim form**

This claim form must contain or have served with it either a statement of claim or a copy of a court order entitling the claimant to serve the claim form without a statement of claim.

If you do not complete the form of acknowledgement of service served on you with this claim form and deliver or send it to the court office (address below) so that they receive it within 14 days of service of this claim form on you, the Claimant will be entitled to apply to have judgment entered against you. The form of acknowledgement of service may be completed by you or a legal practitioner acting for you.

You should consider obtaining legal advice with regard to this claim

This claim form has no validity if it is not served within 6 months of the date below unless it is accompanied by an order extending that time.

Dated the 18th day of August 2010



Daniel Waldek

**FORBES HARE**
**Legal Practitioners for the Claimant**

The Claimant's solicitors are Forbes Hare, Palm Grove House, P.O. Box 4649, Road Town, Tortola. Tel: +1 284 494 1890. Fascimile: +1284 494 1316

The court office is at Main Street, Road Town, Tortola, British Virgin Islands telephone number 494 3492, Fascimile 494 6664. The office is open between 9:00am and 4:30pm Monday to Friday except public holidays.

The Claimant's address for service is c/o Forbes Hare, Palm Grove House, P.O. Box 4649, Road Town, Tortola. Tel: 494 1890. Fascimile: 494 1316

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**HIGH COURT OF JUSTICE**
**BRITISH VIRGIN ISLANDS**
**COMMERCIAL DIVISION**

**CLAIM NO: BVI HC (COM) 2010/107**

**B E T W E E N :**

### Trade and Commerce Bank (In Official Liquidation)
### (a company incorporated in the Cayman Islands)

**Claimant**

**and**

### Kesten Development Corporation

**Defendant**

---

### AFFIDAVIT OF SERVICE

---

**I, SINEAD FINOLA HARRIS** of Forbes Hare, Palm Grove House, P.O. Box 4649, Road Town, Tortola, VG1110, British Virgin Islands **MAKE OATH** and say as follows:

1.  I am employed as an associate lawyer of the law firm Forbes Hare of the above address.

2.  The contents of this affidavit are within my personal knowledge and are true or, where not within my personal knowledge, are true to the best of my knowledge, information and belief.

3.  On 18 August 2010 at approximately 2:00 pm I attended at the offices of Sucre & Sucre Trust Limited at Chera Chambers, Road Town, Tortola, British Virgin Islands.

4.  I served the following documents (hereinafter referred to as the **"Documents"**) on the Defendant by leaving them at the address set out at paragraph 3 above:
    a. Claim Form, filed 18 August 2010;
    b. Statement of Claim, filed 18 August 2010;
    c. Notes to the Defendant;

1

       d. Form of Ackowledgment of Service; and
       e. Form of Defence.

5. The Documents were received by Nina Peters of Sucre & Sucre Trust Limited at 2.09 pm.

6. I asked to have my covering letter signed to evidence service and Ms Peters agreed to do so. The receipted letter of service, signed by Ms Peters, is now produced and shown to me and exhibited hereto as **Exhibit SH-1**.

7. I understand the service described above to constitute valid service of the Documents on Kesten Development Corporation.


SWORN by the within-named       )
Sinead Finola Harris           )
This 19th day of August 2010    )
at Road Town, Tortola,        )
British Virgin Islands         )     Sinead Finola Harris

BEFORE ME

_____
A COMMISSIONER TO ADMINISTER OATHS
IN THE BRITISH VIRGIN ISLANDS

2

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

B E T W E E N:

**Trade and Commerce Bank (In Official Liquidation)**
**(a company incorporated in the Cayman Islands)**

**Claimant**

and

**Kesten Development Corporation**

**Defendant**

---

**AFFIDAVIT OF SERVICE**

---

# Forbes Hare

P.O. Box 4649
Road Town, Tortola
British Virgin Islands
Tel: (284) 494 1890
Fax: (284) 494 1316

Legal Practitioners for the Respondent



IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

B E T W E E N :

**Trade and Commerce Bank (In Official Liquidation)**
**(a company incorporated in the Cayman Islands)**

Claimant

and

**Kesten Development Corporation**

Defendant

---

**CERTIFICATE OF EXHIBIT SH-1**

---

I CERTIFY that this is the exhibit referred to as "SH-1" at paragraph 6 of the Affidavit of Service, dated 19 August 2010 .

DATED this 19th day of August 2010

_____
A COMMISSIONER TO ADMINISTER OATHS

1

# Forbes Hare

Palm Grove House · P.O. Box 4649
Road Town · Tortola · VG1110
British Virgin Islands

T: +1 284 494 1890 F: +1 284 494 1316
www.forbeshare.com

**Direct**:   +1 284 852 1896
**Email**:   daniel.waldek@forbeshare.com
**Ref**:     4321-001/WRH/DW/RN

**BY HAND**

Kesten Development Corporation
Care of Sucre & Sucre Trust Limited
Chera Chambers
Main Street
P.O. Box 3163
Road Town
Tortola
British Virgin Islands

18 August 2010

Dear Sirs

**Trade and Commerce Bank (In Official Liquidation) v Kesten Development Corporation**

Please find enclosed by way of service copies of the following documents:

1) Claim Form;
2) Statement of Claim;
3) Notes to Defendant;
4) Form of Acknowledgment of Service; and
5) Form of Defence.

Yours faithfully

*Forbes Hare*

**Forbes Hare**

Served On: Kesten Development Corporation c/o Sucre + Sucre
Served By: Forbes Hare
Date Served: 18/08/10
Time Served: 2:09 pm
Received By: [signature]

IN THE BRITISH VIRGIN ISLANDS
IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

B E T W E E N:

Trade and Commerce Bank (In Official Liquidation)
(a company incorporated in the Cayman Islands)

Claimant

and

Kesten Development Corporation

Defendant

---

### CERTIFICATE OF EXHIBIT SH-1

---

## Forbes Hare

P.O. Box 4649
Road Town, Tortola
British Virgin Islands
Tel: (284) 494 1890
Fax: (284) 494 1316

Legal Practitioners for the Respondent

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION



CLAIM NO: BVI HC (COM) 2010/107

FEE STAMPS ON ORIGINAL
$ 1.204

BETWEEN:

**Trade and Commerce Bank (In Official Liquidation)
(a company incorporated in the Cayman Islands)**

**Claimant**

and

**Kesten Development Corporation**

**Defendant**

---

ORDER

---

Before:      The Honourable Justice Edward Bannister QC

Dated:       14 September 2010

Entered:      15  September 2010

UPON hearing William Hare for the Claimant

IT IS HEREBY ORDERED THAT:

1. Judgment be entered for the Claimant, pursuant to Rule 12.4 of the CPR, in default of acknowledgment of service;

2. The Defendant shall pay to the Claimant the sum of US$15,936,369.00; and

3. The Defendant is to pay the Claimant's costs to be assessed.

BY THE COURT

Registrar

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

Between:

**Trade and Commerce Bank (In Official Liquidation)**
**(a company incorporated in the Cayman Islands)**

Claimant

and

**Kesten Development Corporation**

Defendant

---

## ORDER

---

## Forbes Hare
P.O. Box 4649
Road Town, Tortola
British Virgin Islands
Tel: (284) 494 1890
Fax: (284) 494 1316

Legal Practitioners for the Claimant

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**HIGH COURT OF JUSTICE**
**BRITISH VIRGIN ISLANDS**
**COMMERCIAL DIVISION**





**CLAIM NO: BVI HC (COM) 2010/107**

**B E T W E E N :**

**Trade and Commerce Bank (In Official Liquidation)**
**(a company incorporated in the Cayman Islands)**

**Claimant**

**and**

**Kesten Development Corporation**

**Defendant**

---

**AFFIDAVIT OF SERVICE**

---

**I, SINEAD FINOLA HARRIS** of Forbes Hare, Palm Grove House, P.O. Box 4649, Road Town, Tortola, VG1110, British Virgin Islands **MAKE OATH** and say as follows:

1.  I am employed as an associate lawyer of the law firm Forbes Hare of the above address.

2.  The contents of this affidavit are within my personal knowledge and are true or, where not within my personal knowledge, are true to the best of my knowledge, information and belief.

3.  On 15 September 2010 at approximately 1:00 pm I attended at the offices of Sucre & Sucre Trust Limited at Chera Chambers, Road Town, Tortola, British Virgin Islands.

4.  I served the Order for Judgment in Default (the "**Order**") on the Defendant by leaving it at the address set out at paragraph 3 above.

5.  The Order was received by Nina Peters of Sucre & Sucre Trust Limited at 1.00 pm.

1

6.  I asked to have my covering letter signed to evidence service and Ms Peters agreed to do so.  The receipted letter of service, signed by Ms Peters, is now produced and shown to me and exhibited hereto as **Exhibit SH-2**.

7.  I understand the service described above to constitute valid service of the Order on Kesten Development Corporation.

SWORN by the within-named            )
Sinead Finola Harris                       )
This 15th day of September 2010    )
at Road Town, Tortola,                    )          Sinead Finola Harris
British Virgin Islands                      )

BEFORE ME
_____
A COMMISSIONER TO ADMINISTER OATHS
IN THE BRITISH VIRGIN ISLANDS

IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

B E T W E E N:
    **Trade and Commerce Bank (In Official Liquidation)**
    **(a company incorporated in the Cayman Islands)**
                                    **Claimant**

    **and**

    **Kesten Development Corporation**
                                      **Defendant**

---

**AFFIDAVIT OF SERVICE**

---

# Forbes Hare

P.O. Box 4649
Road Town, Tortola
British Virgin Islands
Tel: (284) 494 1890
Fax: (284) 494 1316

Legal Practitioners for the Claimant





IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

B E T W E E N:

Trade and Commerce Bank (In Official Liquidation)
(a company incorporated in the Cayman Islands)

Claimant

and

Kesten Development Corporation

Defendant

---

### CERTIFICATE OF EXHIBIT SH-2

---

I CERTIFY that this is the exhibit referred to as "SH-2" at paragraph 6 of the Affidavit of Service, dated 15 September 2010 .

DATED this 15th day of September 2010

_____

A COMMISSIONER TO ADMINISTER OATHS

1

# Forbes Hare

Palm Grove House · P.O. Box 4649
Road Town · Tortola · VG1110
British Virgin Islands

T: +1 284 494 1890 F: +1 284 494 1316
www.forbeshare.com

| | |
|---|---|
| **Direct:** | + 1 (284) 852 1902 |
| **Email:** | sinead.harris@forbeshare.com |
| **Ref:** | 2010-4321-001/WRH/DW/RN/SH |

Kesten Development Corporation
Care of Sucre & Sucre Trust Limited
P.O. Box 3163
Chera Chambers, Main Street
Road Town, Tortola
British Virgin Islands

15 September 2010

Dear Sirs

**BVIHC (COM) 2010/107 - Trade and Commerce Bank (In Official Liquidation) v Kesten Development Corporation**

Please find enclosed by way of service a Judgment in Default dated 15 September 2010 in respect of the above matter.

Yours faithfully

*Forbes Hare*

**Forbes Hare**

Served On: SUCRE & SUCRE
Served By: SINEAD HARRIS
Date Served: 15 / 09 / 2010
Time Served: 1:00 pm
Received By: _____

IN THE BRITISH VIRGIN ISLANDS
IN THE EASTERN CARIBBEAN SUPREME COURT
HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO: BVI HC (COM) 2010/107

B E T W E E N:

**Trade and Commerce Bank (In Official Liquidation)**
**(a company incorporated in the Cayman Islands)**

**Claimant**

and

**Kesten Development Corporation**

**Defendant**

---

## CERTIFICATE OF EXHIBIT SH-2

---

# Forbes Hare

P.O. Box 4649
Road Town, Tortola
British Virgin Islands
Tel: (284) 494 1890
Fax: (284) 494 1316

Legal Practitioners for the Respondent

| | |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| RICHARD FOGERTY, as Joint Official Liquidator of TCB | KESTEN DEVELOPMENT CORP. |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| Reid Collins & Tsai LLP; 30 Wall St., New York, NY 10005 (212.344.5200) | Barry Fischer; 550 Fifth Ave, 6thFL New York, NY 10036 (212.840.9323) |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| □ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ☒ Other (Joint Official Liq.)<br>□ Trustee | □ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to recognize and enforce a money judgment of the Eastern Caribbean Supreme Court High Court of Justice British Virgin Islands Commercial Division under the NY Uniform Foreign Country Money-Judgment Act, NY C.P.L.R., Sect. 5301, et seq.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
| □ Check if a jury trial is demanded in complaint | Demand $ 15,936,639.00 + costs |

Other Relief Sought - Order recognizing judgment of the Eastern Caribbean Supreme Court High Court of Justice British Virgin Islands Commercial Division

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR    TRADE AND COMMERCE BANK (IN LIQUIDATION) | BANKRUPTCY CASE NO.    05-60279 | |
| DISTRICT IN WHICH CASE IS PENDING    SOUTHERN DISTRICT OF NEW YORK | DIVISION OFFICE    MANHATTAN | NAME OF JUDGE    SMB |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>    /s/ William T. Reid, Attorney for Plaintiff | | |
| DATE<br>    September 16, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>    William T. Reid, IV (WR-5205)<br>    REID COLLINS & TSAI LLP | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.